FILED
2021 SEP 2 AM 8:12
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEDEDIAH BURT KLENK,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | **MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**<br><br>Case No. 2:20-cv-00176-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is Petitioner Jedediah Burt Klenk's ("Klenk") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "§ 2255 Motion"). Case No. 2:20-cv-00176 ("Civil Case"), ECF No. 1. Respondent United States of America (the "government") filed a response to the § 2255 Motion. Civil Case, ECF No. 11. Klenk did not file a reply. For the reasons set forth below, the court denies Klenk's § 2255 Motion.

## BACKGROUND

On August 16, 2017, a federal grand jury charged Klenk with a three-count indictment: Count 1 for violation of 21 U.S.C. § 841(a), Possession with Intent to Distribute Methamphetamine; Count 2 for violation of 18 U.S.C. § 922(g)(8), Possession of a Firearm and Ammunition by a Person Subject to a Protective Order; and Count 3 for violation of 18 U.S.C. § 922(g)(9), Domestic Violence Misdemeanant in Possession of a Firearm and Ammunition. Case No. 2:17-cr-00486 ("Criminal Case"), ECF No. 1. On January 11, 2018, Klenk was arraigned before Magistrate Judge Paul M. Warner, at which time he entered a plea of not guilty. Criminal Case, ECF No. 4.

On October 30, 2018, Klenk had a change of plea hearing before Magistrate Judge Dustin B. Pead. Criminal Case, ECF No. 40. Klenk was present at the hearing and changed his plea to guilty as to Count 2 of the indictment. *Id.* Specifically, after being placed under oath, Klenk agreed with the following statement, read by Judge Pead from Klenk's Statement in Advance of Plea of Guilty and Plea Agreement:

> On or about April 28, 2017, in the Central Division of the District of Utah, I possessed a firearm, to wit: a Glock 23 handgun. I was restricted from possessing a firearm due to a valid protective order issued against me. I acknowledge that the Glock traveled in or affected interstate commerce. I admit that this conduct violated 18 U.S.C. § 922(g)(8).

Criminal Case, ECF No. 43 ¶ 11; Civil Case, ECF No. 11-2 at 17. Klenk expressly confirmed that the protective order was valid at the time that he possessed the firearm. Civil Case, ECF No. 11-2 at 18. The written plea agreement entered into by the parties and accepted by the court also included the following waiver provision:

> I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

Criminal Case, ECF No. 43 ¶ 12(e)(2). Judge Pead confirmed that Klenk understood and agreed to this waiver provision. Civil Case, ECF No. 11-2 at 12–13.

On March 14, 2019, Klenk was sentenced before this court for Count 2, and Counts 1 and 3 were dismissed. Criminal Case, ECF No. 55. The court sentenced Klenk to the custody of the Federal Bureau of Prisons for a period of time served in federal custody (fourteen months) and to thirty-six months of supervised release, including up to six months of home detention. *Id.*

Judgment was entered on April 10, 2019. Criminal Case, ECF No. 56. On March 13, 2020, Klenk filed his § 2255 Motion. Civil Case, ECF No. 1.

## DISCUSSION

Klenk asserts three grounds for relief, arguing that (1) at the time of his arrest, he "understood that the protective order had been dropped by the State due to the language on the protective order"; (2) at his sentencing hearing, the judge "indicated that she was not seeing any evidence that indicated [he] was a restricted person"; and (3) his attorney, Robert Steele, did not represent him properly when his attorney failed to provide proof that the protective order was not in place at the time of the arrest. Civil Case, ECF No. 1 at 4–6. The court will consider each argument in turn.

I. **Grounds One and Two**

Klenk's first two grounds for relief in his § 2255 Motion do not state claims for ineffective assistance of counsel. As previously stated, in his plea agreement, Klenk agreed to waive his right to collaterally attack his sentence, except on grounds of ineffective assistance of counsel. Criminal Case, ECF No. 43 ¶ 12(e)(2). Appeal and collateral review waivers are routinely upheld by federal courts, including the Tenth Circuit. *See United States v. Frazier-LeFear*, 665 F. App'x 727, 733 (10th Cir. 2016) (unpublished) ("Our precedent directs that appeal/collateral review waivers are enforceable . . . ."); *United States v. Porter*, 405 F.3d 1136, 1139, 1145 (10th Cir. 2005) (upholding a plea agreement that included a collateral review waiver, acknowledging that plea agreements "represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters"). Here, Klenk expressly agreed to his appeal waiver, both in his plea agreement (Criminal Case, ECF No. 43 ¶ 12(e)(2)) and at his hearing

3

before Judge Pead (Civil Case, ECF No. 11-2 at 12–13). Klenk offers no argument as to why this appeal waiver should not be upheld. The court finds no reason not to uphold the parties' appeal waiver, and accordingly finds that Klenk's first and second grounds for relief have been waived.

## II.     Ground Three

Klenk's third ground for relief raises a claim of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance," and a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. "In the context of pleas[,] a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Regarding sentencing, a defendant must show that there is a reasonable probability that, "but for [his counsel's] deficient performance, he would likely have received a lower sentence." *United States v. Washington*, 619 F.3d 1252, 1262 (10th Cir. 2010) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

Klenk pleaded guilty to Count 2 of his indictment—violation of 18 U.S.C. § 922(g)(8), Possession of a Firearm and Ammunition by a Person Subject to a Protective Order—on October 30, 2018. He was sentenced on March 14, 2019. Judgment was entered on April 10, 2019. To find Klenk guilty under Count 2, the government had to prove the following: (1) Klenk was subject to a court order restraining him from "harassing, stalking, or threatening an intimate partner" that "was issued after a hearing of which [he] received actual notice, and at which [he] had the

opportunity to participate"; (2) Klenk knowingly possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. *See* 18 U.S.C. § 922(g)(8). At the time of Klenk's plea and his sentencing, the Tenth Circuit only required proof that the defendant knowingly possessed a firearm, not that he also knew that he had a relevant status under § 922(g). *See, e.g.*, *United States v. Games-Perez*, 667 F.3d 1136, 1140–42 (10th Cir. 2012). Approximately three months after Klenk's sentencing, on June 21, 2019, the Supreme Court changed this standard, holding that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status"—that is, "[t]o convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).

Klenk does not mention *Rehaif* in his § 2255 Motion. Klenk's argument that he told his attorney that the protective order was not in place before his sentencing, but his attorney failed to prove the same, when read in light of his first ground for relief that he "understood that the protective order had been dropped by the State," triggers the very issue settled by the Supreme Court in *Rehaif*. However, "*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals." *United States v. Scuderi*, 842 F. App'x 304, 305 (10th Cir. 2021) (unpublished). Accordingly, the governing law at the time of Klenk's plea and sentencing did not require proof that Klenk knew that he was subject to a protective order at the time of his arrest, only that Klenk knew that he possessed a firearm, *see Games-Perez*, 667 F.3d at 1140–42, which Klenk does not dispute. Moreover, regardless of what Klenk believed about the status of his protective order, Klenk fails to offer any evidence or make any argument beyond conclusory statements that the protective order at issue was not valid and in place at the time of his arrest. The record evidence and briefing belie Klenk's statements. At his plea hearing, Klenk expressly acknowledged under

5

oath that the protective order was valid and in place at the time of his arrest (Civil Case, ECF No. 11-2 at 18), his plea agreement communicates the same (Criminal Case, ECF No. 43 ¶ 11), and the government's unopposed briefing states that a review of the state court docket confirms that Klenk was subject to a valid protective order at the time of his arrest (Civil Case, ECF No. 11 at 3).

To the extent that Klenk bases his ineffective assistance of counsel claim on his counsel's failure to raise *Rehaif*, this argument also lacks merit. *Rehaif* was decided on June 21, 2019, approximately three months after Klenk's March 14, 2019 sentencing and two months after judgment was entered on April 10, 2019. That Klenk's counsel did not know of or anticipate *Rehaif*'s change in law does not support an ineffective assistance of counsel claim. "A failure 'to predict future law' is not ineffective assistance of counsel." *United States v. Douglas*, 825 F. App'x 600, 602 (10th Cir. 2020) (unpublished) (quoting *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002)). Moreover, because the governing law at the time of Klenk's sentencing and judgment did not require proof that he knew he had a relevant status under § 922(g), *see, e.g.*, *Games-Perez*, 667 F.3d at 1140–42, "even if counsel had raised Defendant's knowledge, the theory would have failed under then-existing law. And the failure to raise a meritless issue is not ineffective assistance of counsel." *Douglas*, 825 F. App'x at 602 (citing *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006)).[1]

Based on the foregoing, the court finds that Klenk's ineffective assistance of counsel claim fails. With respect to the first *Strickland* element, the court finds that Klenk's counsel did not err

---

[1] Additionally, to the extent that Klenk asserts his § 2255 Motion based on a right that is newly recognized by the Supreme Court, his § 2255 Motion still fails. To assert a § 2255 motion on this basis, the right at issue must have been "made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3), and "*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals," *Scuderi*, 842 F. App'x at 305.

in not raising arguments regarding Klenk's belief that the protective order was not in effect at the time of his arrest or that the protective order actually was not in effect. Such arguments lacked merit under then-existing legal standards and were belied by the evidence, respectively. Further, with respect to the prejudice element of the *Strickland* test, the court finds that Klenk has failed to establish that the outcome of his plea or his sentence would have been different had his counsel raised these arguments. "An insufficient showing on either element is fatal to an ineffective-assistance claim . . . ." *Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). Klenk has made an insufficient showing as to both elements.

## CONCLUSION AND ORDER

Upon review of the motion, files, and records of the case, the court finds that they conclusively show that Klenk is not entitled relief on his claim for ineffective assistance of counsel. Klenk previously waived his right to raise all other collateral attacks on his sentence. Therefore, the court DENIES Klenk's § 2255 Motion without an evidentiary hearing.[2]

---

[2] 28 U.S.C. § 2255(b) provides as follows:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Because the court finds that the motion, files, and records of the case "conclusively show that [Klenk] is entitled to no relief," the court does not find that an evidentiary hearing is necessary. *Id.*; *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996) (holding that a district court did not abuse its discretion in denying a petitioner an evidentiary hearing as part of his § 2255 motion when "the existing record clearly shows that [the petitioner] is not entitled to relief").

DATED September 2, 2021.

                    BY THE COURT

                    _____
                    Jill N. Parrish
                    United States District Court Judge